UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMERANTH, INC., | : | |
| Plaintiff, | : | Civil Action No. 08-851 (JAP) |
| v. | : | **OPINION** |
| MARC D. KESSMAN, et al. | : | |
| Defendants. | : | |

Presently before the Court is a motion by Third Party Defendants (referred to herein as "Defendants") Keith McNally, Kevin O'Rourke, and Vern Yakes to dismiss Defendant/Third Party Plaintiff Marc Kessman's (referred to herein as "Plaintiff") Third Party Complaint. The motion is not opposed. For the reasons below, the motion shall be granted.

First, as Defendants point out, although Plaintiff attempts to invoke the Court's diversity jurisdiction, the Third Party Complaint alleges only the residences and not the citizenship of each party. This is not sufficient to establish diversity jurisdiction. *See Travelers Property Cas. Co. of America v. Mericle*, 2009 WL 2950645, *1 (M.D.Pa. September 8, 2009) ("To properly allege diversity, a plaintiff must allege a defendant's state of citizenship, not merely of residence.").

Second, as to the claims against Defendant O'Rourke, they are barred by the terms of a settlement agreement executed by the parties on November 17, 2007 (the "Settlement Agreement"). *See* Settlement Agreement, attached as Exhibit I to the Answer of Defendant/Third Party Plaintiff. The Third Party Complaint alleges that on July 7, 2007, O'Rourke personally guaranteed the performance of Ameranth Inc. under an Asset Purchase Agreement. It further alleges that Amaranth failed to perform under the Asset Purchase

Agreement and O'Rourke, therefore, is liable for the failure. In a lawsuit brought in California state court in 2007 (the "California litigation"), Plaintiff asserted a substantially similar claim against O'Rourke. Under the Settlement Agreement, Kessman agreed to dismiss all claims in the California litigation with prejudice. Further, the Settlement Agreement releases O'Rourke from any liability "arising out of or related in any way to the . . . Asset Purchase Agreement." Plaintiffs claim against O'Rourke, therefore, shall be dismissed.

Next, the Third Party Complaint purports to state a defamation claim against Defendant Yates based upon Yates' verification of the Complaint that commenced the proceedings in this action. Yates's verification, however, is entitled to absolute immunity. "[O]therwise defamatory statements made by judges, parties, witnesses and attorneys, during the course of judicial proceedings, are absolutely privileged." *Hoover v. Van Stone*, 540 F.Supp. 1118, 1121 (D. Del., 1982).

Last, Defendants argue that the defamation claim against Defendant McNally should be dismissed because Plaintiff does not identify the third parties to whom McNally allegedly published the defamatory statements. The Third Party Complaint alleges that on November 18, 2008, McNally uttered the alleged defamatory statements to a casino employee on the gaming floor at the Wynn Las Vegas casino and to a casino employee on the gaming floor at the Venetian casino. Because Plaintiff does not identify each casino employee by name, Defendants argue the claim must be dismissed. The Court disagrees.

"A claim of defamation requires the following elements to be established: 1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4)

fault on the part of the publisher, and 5) injury to the plaintiff." *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 715 -716 (D. Del. 2008) (internal quotations omitted). Unlike in the cases relied upon by Defendants, the Third Party Complaint identifies with some degree of specificity the third parties to whom the alleged defamatory statements were published. Defendants have pointed the Court to no case that would require a Plaintiff, in order to survive a motion to dismiss, to plead the "publication to a third party" element of a defamation claim with more detail.

Consequently, the claims in the Third Party Complaint against Defendants O'Rourke and Yates are dismissed with prejudice, and the claims against Defendant McNally are dismissed without prejudice. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: September 28, 2009